UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

FARID SHIRZADI,                                          No. 05-11634

                       Debtor(s).
_____/

JEFFRY LOCKE, Trustee,

                       Plaintiff(s),

         v.                                      A.P. No. 05-1130

REZA AMINI ESHGHABADY, et al.,

                       Defendant(s).
_____/

Memorandum on Motion for Summary Judgment
_____

      There are significant issues of fact as to whether defendants actually paid for the debtor's dry cleaning business and whether the business was transferred with the intent to hinder creditors. These issues are not subject to summary adjudication. The sole legal issue presented by plaintiff's motion for summary judgment is whether the sale proceeded in violation of California's bulk sales laws.

      White & Summers has little positive to say about bulk sales laws and notes that California has taken a middle position, adopting the revised version of Article 6 of the Uniform Commercial Code. 3

1

White & Summers, **Uniform Commercial Code** (4th Ed.), § 27-1, p. 216.

Under the current version of California Commercial Code § 6103(a)(1), bulk sales only apply when the seller's business "is the sale of inventory from stock . . . ." The very first comment to this version of the law notes:

> 1. Subsection (1)(a) follows Section 6-102(3) of the 1987 Official Text and makes Article 6 applicable only when the seller's principal business is the sale of inventory from stock. This Article does not apply to a sale by a seller whose principal business is the sale of goods other than inventory, e.g., a farmer, is the sale of inventory not from stock, e.g., a manufacturer who produces goods to order, *or is the sale of services, e.g., a dry cleaner*, barber, or operator of a hotel, tavern, or restaurant. [Emphasis added]

It is therefore not the most difficult decision the court has ever had to make to hold that California bulk sales laws do not apply to the sale of the debtor's dry cleaning business to defendants.

For the foregoing reasons, plaintiff's motion for summary judgment will be denied. Either party may submit an appropriate form of order.

Dated: June 12, 2006

Alan Jaroslovsky
U.S. Bankruptcy Judge